IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALAN SCHWEMMER, et al.,<br><br>    Defendants. | Case No. 1:14-cv-00286-LJO-SAB<br><br>ORDER GRANTING UNITED STATES' EX PARTE MOTION TO SERVE BY PUBLICATION AND FOR EXTENSION OF TIME TO COMPLETE SERVICE BY PUBLICATION<br><br>(ECF No. 10) |

      Plaintiff United States of America filed this complaint against multiple defendants to reduce to judgment federal tax assessments against Defendants Alan Schwemmer and Esther Schwemmer ("the Schwemmers"). (ECF No. 1.) As relevant to the matter to be addressed here, David Keith Jacobs, Trustee of the Red Barn, was named as a defendant due to a grant deed purporting to transfer the Schwemmers' property to him for no consideration. (Compl. ¶ 8.) Plaintiff alleges that Defendant Jacobs is an alter-ego, nominee or fraudulent transferee of the Schwemmer's in an attempt to keep their assets out of the reach of creditors. (Id. at 14.)

      Pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, service upon an individual may be effected in any judicial district of the United States "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Due process requires that the party receive

1

1  "notice reasonably calculated, under all the circumstances, to apprise interested parties of the
2  pendency of the action and afford them an opportunity to present their objections." Espinosa v.
3  United Student Aid Fund, Inc., 553 F.3d 1193, 1202 (9th Cir. 2008) (quoting Mullane v. Cent.
4  Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

5  Here, the Court looks to California law to determine the sufficiency of the proposed
6  service of process. California law provides for service of process by publication where (1) "it
7  appears to the satisfaction of the court . . . that the party to be served cannot with reasonable
8  diligence be served in another manner" and (2) "a cause of action exists against the party . . . or
9  he or she is a necessary or proper party to the action." Cal. Code Civ. P. § 415.50(a). In this
10 instance, Defendant Jacobs is a proper party to this action, so the question before the Court is
11 whether Defendant Jacobs "cannot with reasonable diligence be served by another manner." Id.

12 "The term 'reasonable diligence' . . . denotes a thorough, systematic investigation and
13 inquiry conducted in good faith by the party or his agent or attorney." Watts v. Crawford, 10
14 Cal.4th 743, 749 n.5 (1995). To determine if Plaintiff has exercised due diligence the court looks
15 to whether the steps taken to serve the defendant were those that "a reasonable person who truly
16 desired to give notice would have taken under the circumstances." Donel, Inc. v. Badalian, 87
17 Cal.App.3d 327, 332 (1978). Generally, it is sufficient where the party has shown a number of
18 honest attempts to learn the defendant's whereabouts or his address by investigation into the
19 appropriate telephone directories, voter registration, assessor's office, or inquiry of relatives.
20 Watts, 10 Cal.4th at 749 n.5. However, taking a few reasonable steps does not necessarily
21 exhaust the "myriad of other avenues" for locating individuals. Donel, Inc., 87 Cal.4th at 333.
22 Due process concerns require resorting to the fiction that notice is afforded by publication as "a
23 last resort." Id. at 332-33.

In this instance, Plaintiff has made multiple attempts to obtain a current address for Defendant Jacobs and the Red Barn. Plaintiff has conducted several searches of Westlaw and Lexus databases, DMV records, and IRS files to obtain Defendant's current address. (Decl. of Adam R. Smart ¶ 6, ECF No. 10-2.) Plaintiff spoke with an IRS revenue officer who had previously arranged meetings with Defendant, however, Defendant had stopped agreeing to meet with the officer and he no longer knew how to get in touch with Defendant. (Id. at ¶ 5.) An address was obtained from a deposition of the defendant on February 25, 2010. (Id. at ¶ 2.) Plaintiff requested tax court records on the Red Barn and located an address in a database, but the address was for the Schwemmers. (Id. at ¶ 7, 8.)

Plaintiff submits evidence that personal service was attempted at Defendant's last known address and he longer is residing there. (Declaration of Non-Service, ECF No. 10-3 at 11.) Plaintiff has attempted service by mail and the mail was returned indicating Defendant no longer lives the address. (Decl. of Adam R. Smart ¶ 4, ECF No. 10-2.) Plaintiff has also located several phone numbers associated with Defendant Jacobs. All except one have been found to be disconnected or wrong numbers. (Id. at ¶ 9.)

One of the phone numbers reached a voicemail identifying the owner as "David." (Id.) Plaintiff has called the number several times and never received an answer. (Id.) Despite leaving several messages requesting that David Keith Jacobs return the call, Plaintiff has not received a call back. (Id.) The Court finds that Plaintiff has adequately demonstrated reasonable diligence in attempting to serve Defendant Jacobs.

Having considered the United States' motion to serve David Keith Jacobs as trustee of Red Barn by publication, and good cause being shown, it is ORDERED that the United States has to and through August 29, 2014 to serve David Keith Jacobs as trustee of Red Barn, by

1  publication in English, in the Fresno Bee, as provided under California law; and that a copy of
2  the Summons, Complaint and this Order will be mailed to David Keith Jacobs, in the event that
3  his address is ascertained before the expiration of the time herein prescribed for publication.

IT IS SO ORDERED.

Dated:   **May 23, 2014**

UNITED STATES MAGISTRATE JUDGE